IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRETT F. HOGAN,

    Plaintiff,

    v.                        CASE NO. 19-2075-SAC

TIMMY ANDERSON,
et al.,

    Defendants.

## ORDER TO SHOW CAUSE
## AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. On March 1, 2019, Defendant Laura Johnson-McNish filed a Motion to Dismiss (Doc. 8). On March 20, 2019, Defendants Anderson, Baer, Bocken, Brienager, Doe, Hargrave and Marshall County Confinement Center filed a Motion to Dismiss (Doc. 14). Responses to motions to dismiss "must be filed and served within 21 days." D. Kan. Rule 6.1(d)(2). Plaintiff has failed to file a timely response to the motions to dismiss.

Local Rule 7.4(b) provides that absent a showing of excusable neglect, a party or attorney who does not timely file a response brief waives the right to later file such a brief and that the court will decide such motions as unopposed and usually grant them without further notice. D. Kan. Rule 7.4(b). Plaintiff is therefore directed to show cause to Senior District Judge Sam A. Crow, in writing, on or before April 25, 2019, why Defendants' motions should not be granted as unopposed. Plaintiff shall also file any responses to Defendants' motions by April 25, 2019. If Plaintiff fails to respond to this order, or to file responses as directed, the Court will consider Defendants' motions as unopposed as described in D. Kan. Rule 7.4(b).

Plaintiff filed a Motion for Appointment of Counsel (Doc. 9). Plaintiff argues that he is indigent, the issues involved in the case are complex, he is a pretrial detainee with limited access to a law library, his Complaint involves medical issues that may require an expert witness or testimony, appointed counsel would be helpful with discovery, he has no legal training, and he has been unsuccessful in obtaining counsel. Defendant Laura Johnson-McNish has filed a response (Doc. 13) in opposition to Plaintiff's Motion for Appointment of Counsel. Defendant's response notes that on March 6, 2019, Plaintiff pled "no contest" to his Marshal County District Court Case #2017-CR-000138 and was released from jail. Plaintiff has failed to provide the Court with a change of address as required by Local Rule 5.1. *See* D. Kan. Rule 5.1(c)(3).

The Court has considered Plaintiff's motion for appointment of counsel and memorandum in support. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at

979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives dispositive motions.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 9) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is therefore directed to show cause to Senior District Judge Sam A. Crow, in writing, on or before April 25, 2019, why Defendants' motions to dismiss should not be granted as unopposed.  Plaintiff shall also file any responses to Defendants' motions to dismiss by April 25, 2019.  If Plaintiff fails to respond to this order, or to file responses as directed, the Court will consider Defendants' motions as unopposed as described in D. Kan. Rule 7.4(b).

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 11th day of April, 2019.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**